Columbia, April, 1869.

### ELIZA A. TINDAL *vs.* JOHN J. TINDAL AND OTHERS.

Bill for settlement of the insolvent estate of a decedent. The accounts of the
executrix were referred to the Commissioner, and, on the first day of the
next term, he made his report, showing a considerable balance in her favor.
On the next day the report was confirmed without objection, and the coun-
sel of executrix then moved an order that the balance due her be paid out
of the assets, in preference to the claims of creditors. This order was ob-
jected to by creditors, but the Court granted it, holding that it followed as
a consequence of the order confirming the report. On appeal—*Held*, That
the Court below erred in so holding; and, inasmuch as the time within
which creditors had the right, under the rule of Court, to except to the
report on the accounts had not expired when that report was confirmed,
both orders were set aside, with leave to creditors to except to the report
on the accounts.

BEFORE LESESNE, CH., AT MANNING, MAY; 1868.

This was a bill by the plaintiff, as executrix of James S. Tindal,
deceased, alleging that the estate of the testator had become insol-
vent by the emancipation of his slaves, and praying that it be
wound up by the Court. The legatees and devisees, and some of
the creditors, were made parties defendant.

At May Term, 1867, the accounts of the plaintiff, as executrix,
were referred to the Commissioner, and on the 28th May, 1868, the
first day of the next term, he made his report, showing a balance
due the plaintiff, at the foot of her accounts, of over $3,500. On
the next day, May 29th, the report was confirmed, without objec-
tion, and, thereupon, an order was moved, on behalf of plaintiff,
which directed, *interalia*, that the balance due the plaintiff be paid
out of the assets of the estate in preference to the claims of credi-
tors. This order was objected to, on behalf of specialty and other
creditors, and it was insisted that the accounts should be looked
into, and that the order could not be granted unless it appeared,
from the character of the accounts, that the executrix was entitled
to priority of payment. His Honor granted the order, holding that
the matter was concluded by the confirmation of the report.

The creditors appealed, on the grounds that the rank of the plain-
tiff's claim must be determined by the rank of the debts paid by
her, and the character of her disbursements; that His Honor erred
in ruling that these matters were concluded by the confirmation of
the report, and that the order confirming the report was beyond his
control; and on other grounds, which it is deemed unnecessary to state.

*Haynsworth & Fraser, Moise,* for appellants.

*J. S. G. Richardson,* contra.

April 29, 1869.   The opinion of the Court was delivered by

MOSES, C. J.   It is true, as urged by the counsel for plaintiff, that a report of the Commissioner, not objected to, is conclusive. Where a party withholds his notice of exception beyond the period within which he is permitted to file it, he occupies the position of one who, neglecting to avail himself of a privilege conferred in express terms by the rules of practice, is to be regarded, at least, if not asserting, as admitting that he has no just cause of dissent.

The complaint, however, here is, that the presiding Chancellor, while the case was actually before him, with the fund, whose appropriation he was adjudicating, still under the control of the Court, disposed of it by an order, which he declined to reconsider, or against which to hear argument by the opposing counsel, not that he was satisfied of its propriety, but because his signature had rendered the matter *res adjudicata.*

While the cause was before the Court, any order made by the Chancellor was within his entire control, and could have been changed, modified or reversed, according to the views he at any time entertained, before he finally discharged himself from it.

It would illy comport with the position of a presiding officer of a Court of superior jurisdiction to bind him to an erroneous order, and concluded by the mere fact of having signed it, while the whole case was before him for the purpose of adjudging the various orders which, in the progress of it, might be submitted.

His powers would, indeed, be narrow and contracted, if circumscribed by such limits.

This erroneous view of his authority would be sufficient, on objection urged, to compel us to set aside the order thus made.   There are, however, other exceptions to it, which are well taken.

The report was filed on the 28th day of May, 1868, the first day of the term of the Court of Equity for Clarendon.

It came up for consideration on the 29th, when an order, confirming it, was passed, which seems to have escaped the attention of the various counsel who represented several parties having an interest against the plaintiff, and who stood in the relation of creditors of the testator.

Then followed the proposed order, among other things directing payment to the plaintiff of the balance due her, according to the report.   This was opposed, but without effect.

The objection, in point of fact, did properly raise questions,

which should have been considered by the Court, growing out of the report on the accounts.

On the character of the accounts, which resulted in a balance in favor of the plaintiff, might depend the propriety of the order for her payment, in preference to debts due by the testator. Such a result does not necessarily follow, but possibly might be a legitimate consequence of an account primarily showing a balance in favor of an executrix.

As a strict matter of right, the creditors had, under the rule of Court, the whole of the day of 29th May, 1868, on which to file their exceptions, and to have them heard, considered and reported on by the Commissioner. Unless they waived this, they cannot be affected by any order made to their prejudice. Here, so far from waiving, they expressly insisted on their right to object to the consequences which followed the order, which gave material efficacy to the report.

It is true, as was said in *Meek* vs. *Richardson*, 4 Rich. Eq., 88, that the practice, under the rules of Court, may be moulded at the discretion of the Chancellor, and he may suspend their operation in particular cases. As is added, though, it must be to promote the ends of justice, so as to meet the exigencies of the case.

There the Chancellor conceived himself bound to the very letter of the rule as to time. The Appeal Court, however, said that he had the power *to extend* the time, to promote the ends of justice.

There is a wide difference between a discretion which permits a Judge to enlarge the provisions of a rule of Court, for fear of a miscarriage of right, and that which holds him authorized to *reduce* the time within which a party is at liberty to take some step in the progress of his case or defence. The one extends a favor, the other withholds a right.

We do not regard the occasion inopportune for a remark in relation to a careless practice, the effect of which is apparent in the matter before us. The order of reference was made in May, 1867. The whole term of the Court is but three- days, and yet no reference was held until the 28th May, 1868, the first day of the next succeeding sitting; for the account of the executrix is marked by the Commissioner as then filed, and no reference on the account could have preceded its filing, and the report is dated the very day. It is probable that not one of the counsel attended the reference.

This loose practice does not commend itself to the approval of the Court, and should not be encouraged. The whole trouble here,

8

doubtless, owes its origin to the fact of undue haste in term time, after a year's delay in vacation.

It is ordered, that all the orders made in said cause on May 29, 1868, save so much of them as refers to the payment of costs, the survey of the lands, and the admeasurement of the widow's dower, be set aside; that all parties interested have until the 1st day of June next to file exceptions to the report of the Commissioner; and that the case be remanded to the Circuit Court for further orders and disposition.

*Willard,* A. J., concurred.